UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

WILLIE DUMES,                                    )
                                                 )
                        Plaintiff,               )
                                                 )
            v.                                   )        No. 2:19-cv-00286-JMS-MG
                                                 )
DONALDSON, et al.                                )
                                                 )
                        Defendants.              )

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Willie Dumes, an inmate at Pendleton Correctional Facility ("PCF"), alleges in
this civil rights lawsuit that he was assaulted by other inmates when he was housed at Wabash
Valley Correctional Facility ("WVCF") and that defendants Officers Katie Watts and John Miller
and Sergeant Steve Donaldson failed to prevent this assault. The defendants seek summary
judgment on Mr. Dumes's claims and Mr. Dumes has responded.  For the reasons below, that
motion, dkt. [96], is **GRANTED IN PART AND DENIED IN PART**.

## I. Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because
there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment
as a matter of law. *See* Fed. R. Civ. P. 56(a). Whether a party asserts that a fact is undisputed or
genuinely disputed, the party must support the asserted fact by citing to particular parts of the
record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Affidavits or
declarations must be made on personal knowledge, set out facts that would be admissible in
evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P.

56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and is not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 572-73 (7th Cir. 2017). Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson*, 477 U.S. at 255.

## II. Facts

Because the defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).

On the night of June 6, 2018, Mr. Dumes was assaulted at WVCF by two other inmates, Keith Payton and Marion Bell. Dkt. 96-1, Dumes Dep. at 9:13-23.[1] Mr. Dumes does not know why Mr. Payton and Mr. Bell assaulted him that day. *Id.* Dumes Dep. at 10:13-15. He did not tell anyone that night he had been attacked. *Id.* Dumes Dep. at 10:21-22. These inmates then assaulted Mr. Dumes again around lunchtime on June 7, 2018. *Id.* Dumes Dep. at 8:7-9, 19-21.

Officer Watts states that she did not know of any issues between Mr. Payton and Mr. Bell and Mr. Dumes before June 7. Dkt. 96-2 ¶ 2. On June 7, Mr. Dumes told Officer Watts that he wanted to be moved to a different housing unit. Dkt. 96-2, Dumes Dep. at 11:7-25, 12-19. Mr. Dumes testified as follows regarding this conversation at his deposition:

> Q. So you told Officer Watts early that morning that you were afraid, and what exactly did you tell her; do you remember?
>
> A. That I didn't want to be in the cellhouse anymore.
>
> Q. Did you tell her why?
>
> A. I did, and she told me to go to my cell.
>
> Q. Did you tell her they had attacked you, or did you tell her you were afraid they might attack you again; what exactly did you say to her?
>
> A. I didn't tell her I was afraid. I just told her that I wanted to get out of the dorm.
>
> Q. Did you tell her why you wanted to get out then if you didn't tell her you were afraid?
>
> A. I told her I was afraid, and then she told me to go to my cell. So, I went to my cell.
>
> Q. So you did tell her you were afraid then?
>
> A. Yes.
>
> Q. And did you tell her why you were afraid?

---

[1] References to Mr. Dumes's deposition are to the deposition page number, not the page number in CM/ECF.

A. No, I did not.

*Id.* Dumes Dep. at 11:20-12:13. But Mr. Dumes stated in his verified complaint that he told Officer Watts that he had been threatened by other inmates and that he feared for his safety. Dkt. 2 ¶ 15.

Sergeant Donaldson also states that he was not aware of a risk to Mr. Dumes from Mr. Payton and Mr. Bell. Dkt. 96-3 ¶¶ 4-5. Mr. Dumes told Sergeant Donaldson on June 7 that he did not want to be in the cell house. He testified:

Q. [W]hat did you tell the Sergeant?

A. That I didn't want to [be] in the cellhouse.

Q. Did you tell him you were afraid or why you didn't want to be in the cellhouse?

A. No, I did not.

Q. Did you tell him that you'd been attacked by Payton and Bell?

A. No, I didn't. I'm afraid he already knew because he had people telling me, so.

Dkt. 96-1, Dumes Dep. at 13:3-9. Again, Mr. Dumes stated in his verified complaint that he told Sergeant Donaldson that he did not feel safe and that he had been threatened. Dkt. 2 ¶ 17.

Finally, Mr. Dumes testified that he did not tell Officer Miller about his concerns. Dkt. 96-1, Dumes Dep. at 14:4-6. Mr. Dumes did not state in his verified complaint that he told Officer Miller about his concerns, instead stating that Officer Miller opened his range for lunch at the time of the attack. Dkt. 2 ¶ 18.

### III. Discussion

Mr. Dumes claims that the defendants violated his Eighth Amendment rights by failing to prevent Mr. Payton and Mr. Bell from assaulting him. The defendants move for summary judgment arguing that they were not deliberately indifferent to a risk of harm to Mr. Dumes because they were not aware that Mr. Payton and Mr. Bell posed a risk to him.

## A. Eighth Amendment Standard

Prison officials have a duty to protect those in their custody from violence at the hands of other inmates. But "a prison official is liable for failing to protect an inmate from another prisoner only if the official 'knows of and disregards an excessive risk to inmate health or safety.'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). Thus, a claim that a prison official was deliberately indifferent to such a risk has both an objective and a subjective component. First, the harm to which the prisoner was exposed must be an objectively serious one. *See id.* (being stabbed by cellmate constitutes serious harm). Next, the subjective prong of the deliberate indifference claim "requires that the official must have actual, and not merely constructive, knowledge of the risk in order to be held liable; specifically, he 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.'" *Id.* at 481 (*quoting Farmer*, 511 U.S. at 837).

## B. Officer Watts and Sergeant Donaldson

The defendants each argue that they were not aware of the June 6 altercation before the June 7 assault and that they did not know of any risk of Mr. Dumes. They point out that, while Mr. Dumes asked to be moved, he testified at his deposition that he did not tell any of them why he was afraid. As to Officer Watts, Mr. Dumes affirmatively testified that he did not tell her why he was afraid. Dkt. 96-1, Dumes Dep. at 11:20-12:13. Mr. Dumes also testified that he did not tell Sergeant Donaldson that he had been attacked or why he was afraid. *Id.* Dumes Dep. at 13:3-9.

In response to the motion for summary judgment, Mr. Dumes presented an affidavit in which he states that he told Officer Watts and Sergeant Donaldson about the prior incident and that he needed to be moved out of that cellhouse. Dkt. 100 ¶ 5. The defendants ask the Court to disregard this testimony under the sham-affidavit rule, which prohibits a party from submitting an

affidavit that contradicts their prior deposition or other sworn testimony. *James v. Hale*, 959 F.3d 307, 316 (7th Cir. 2020) (citing *Dunn v. Menard, Inc.*, 880 F.3d 899, 910 (7th Cir. 2018)). While the defendants are correct that Mr. Dumes's affidavit submitted in response to the motion for summary judgment should be disregarded, Mr. Dumes also verified in his complaint that he told Officer Watts and Sergeant Donaldson that he had been threatened. Dkt. 2 ¶¶ 16-17. He further asserted that, knowing of the risk to him, Officer Watts failed to make sure all inmates were in their assigned cells after noon recreation. *Id.* ¶ 23. The sham-affidavit rule does not apply to the complaint, which was verified before Mr. Dumes's deposition. Taking the facts in the verified complaint as true for purposes of summary judgment, there is a dispute of fact regarding whether Officer Watts and Sergeant Donaldson were aware of a risk to Mr. Dumes before the June 7 assault and failed to act to prevent it. *See Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996) (noting that verified statements in a complaint may be treated as "affidavit material" especially when submitted by a *pro se* litigant); *clarified by James*, 959 F.3d at 315 (reasoning that the practice of treating a verified complaint as an affidavit is limited to *pro se* litigants and excludes complaints that were later converted to affidavits). Officer Watts and Sergeant Donaldson therefore are not entitled to summary judgment.

### C. Officer Miller

Officer Miller also argues that he was not aware of a risk to Mr. Dumes before the assault. Mr. Dumes testified at his deposition that he did not talk to Officer Miller about his concerns before the assault. Dkt. 96-1, Dumes Dep. at 14:4-6. But Mr. Dumes asserts that, on the day of the assault, Officer Miller failed to see if both Mr. Payton and Mr. Bell were in their cell before their range was released and that Officer Watts failed to do a security check on the range before Officer Miller secured the doors. *Id.* ¶ 6. However, even if Officer Miller failed in his assignment that

day, there is still no evidence that Officer Miller was aware of a specific risk to Mr. Dumes. Mr. Dumes' testimony is therefore not enough to show that Officer were deliberately indifferent to a serious risk to Mr. Dumes, and Officer Miller is entitled to summary judgment.

## IV. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment, dkt. [96], is **GRANTED IN PART AND DENIED IN PART**.

The motion is **granted** as to Mr. Dumes's claims against defendant Officer Miller. Those claims are **dismissed,** and the **clerk shall terminate** Officer Miller as a defendant. The motion is **denied** as to Mr. Dumes's claims against defendants Officer Watts and Sergeant Donaldson. Those claims shall proceed to settlement or trial if one is necessary.

The Court previously recruited counsel to represent Mr. Dumes for purposes of a *Pavey* hearing and counsel was permitted to withdraw after the hearing. Dkt. 49, 79. The Court will now attempt to recruit counsel to represent Mr. Dumes for the remainder of this case. He will be notified when that step has been taken.

**IT IS SO ORDERED.**

Date: 12/16/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIE DUMES
905144
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Brandyn Lee Arnold
INDIANA ATTORNEY GENERAL
brandyn.arnold@atg.in.gov